UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE<br>PETITION OF SETTOON TOWING<br>LLC | CIVIL ACTION<br><br>NO: 07-1263<br><br>SECTION: "S" (4) |

## ORDER AND REASONS

Before the court is a Motion to Consolidate, Motion to Bifurcate Liability and Damages and Motion to Continue Trial (Doc.#30) filed on behalf of ExPert Oil & Gas, LLC ("ExPert"). After considering counsel's oral argument, written memoranda, and the applicable law, the court DENIES the motion.

*Consolidation*

Rule 42(a) of the Federal Rules of Civil Procedure states in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

As the rule states, a motion to consolidate must meet the threshold requirement of involving "a common question of law or fact." If that threshold requirement is met, then whether to grant the

motion becomes an issue of judicial discretion.[1] In exercising its discretion, the court weighs the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.[2] In balancing these factors, the court finds that the risk of confusion is greater than if this matter were to proceed as a separate suit. The motion insofar as consolidation is concerned is DENIED.

## *Bifurcation*

At this time, the court finds no reason to bifurcate liability from damages and DENIES ExPert's motion in this regard but without prejudice to reurge the motion at a later date.

## *Trial Continuance*

Since the consolidation is not appropriate, the court finds no reason to continue the May 19, 2008, trial date.

---

[1] *Arnold v. Eastern Air Lines,* 681 F.2d 186, 193 (4 Cir.1982).

[2] *See Arnold v. Eastern Air Lines,* 681 F.2d 186; *In re Cree, Inc., Securities Litigation,* 219 F.R.D. 369, 371 (M.D. N.C. 2003).

New Orleans, Louisiana, this  28th day of February, 2008.

**MARY ANN VIAL LEMMON**

**UNITED STATES DISTRICT JUDGE**