UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE<br>PETITION OF SETTOON TOWING<br>LLC | CIVIL ACTION<br><br>NO: 07-1263<br><br>SECTION: "S" (4) |

## ORDER AND REASONS

The motion to dismiss the counterclaim of Settoon Towing, LLC, filed on behalf of ExPert Oil & Gas, LLC ("ExPert") is DENIED.

## BACKGROUND

On January 20, 2007, the M/V CATHY M. SETTOON, while pushing a barge, struck a well owned and operated by ExPert in Bayou Perot in Jefferson Parish, Louisiana. The allision caused extensive damage to the wellhead and resulted in an uncontrolled spray of crude oil into the bayou. On February 23, 2007, Settoon Towing LLC ("Settoon"), the vessel owner, gave the first official notice of the incident, when the United States Coast Guard interviewed the captain of the vessel. On March 12, 2007, Settoon filed a Complaint for Exoneration from or Limitation of Liability, pursuant to the Limitation of Liability Act, 46 U.S.C. §181, *et seq.*

ExPert, the United States of America, and St. Paul Surplus Lines Insurance Company filed claims.  ExPert is seeking to recover, among other things, its cleanup costs, loss of revenue and property damage, as well as indemnification from Settoon for all damages arising from the allision and all other claims by any other parties.  The government is seeking cleanup costs of $10,025,139.84, and asserts that its claim is not subject to the Limitation of Liability Act.  St. Paul, which issued to ExPert a "Control of Well" policy, asserted its claim for damages pursuant Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, averring that the damages were caused solely by Settoon and the unseaworthiness of the vessel.

On August 20, 2007, Settoon filed its answer and a counterclaim against ExPert, claiming that ExPert was responsible for causing the incident and the pollution because of Expert's failure to light properly the platform, failure to provide an emergency telephone number on the wellhead and failure to install a storm choke, or subsurface safety valve, on its wellhead.

ExPert urges that Settoon's counterclaim against it should be dismissed because Settoon's counterclaim against ExPert is actually an affirmative defense to the limitation action, and is not a claim upon which relief can be granted.  Settoon counters that Settoon is not liable at all for the allision, and that because the United States is a claimant which is seeking from Settoon pollution and/or cleanup costs, Settoon is seeking indemnity or contribution from ExPert in the event that

Settoon is cast in judgment for the pollution and/or cleanup costs. Further, Settoon argues that its counterclaim against ExPert is appropriate because it is based on the same events giving rise to this litigation, depends upon the outcome of the limitation action, and cannot stand on its own as an independent cause of action upon which relief can be granted.

## ANALYSIS

### *Motion to Dismiss under Rule 12*

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[1]  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[2]

### *Counterclaims and the Limitation of Liability*

Settoon argues that its counterclaim against ExPert is based upon the same events giving rise to the underlying limitation litigation, and that its right to relief against ExPert depends upon the

---

[1] *In re Katrina Canal Breaches Litigation*, 2007 WL 2200004 (5th Cir.2007) (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

[2] *Bell Atlantic,* 127 S.Ct. at 1965.

3

outcome of the limitation action. In the counterclaim, Settoon avers that "should there be judgment rendered in favor of any party against Settoon for damages and/or pollution and/or cleanup costs, then Settoon is entitled to judgment over and against ExPert for all or part of the judgment on the basis of indemnity, contribution or otherwise."[3]

ExPert does not deny that Settoon's counterclaim arises from the same events. However, ExPert argues that Settoon's counterclaim does not seek recovery from ExPert. ExPert also argues that Settoon's claim is akin to an affirmative defense to the limitation action, and therefor is not a claim upon which relief can be granted.

On its face, Settoon's counterclaim seeks indemnity and contribution from ExPert. ExPert provides no authority for the proposition that Settoon's counterclaim against ExPert cannot be considered within the context of the limitation of liability action. The court notes examples of cases in other jurisdictions wherein counterclaims by the vessel owner were allowed in a limitation proceeding.[4] In particular, the court finds persuasive the pragmatic approach applied *In Re: Oil Spill*

---

[3]*See* Paragraph 11 of Answer of Settoon Towing, LLC, a Delaware Limited Liability Company to Expert Oil & Gas, LLC's Claim and Settoon Towing's Counterclaim Against Expert Oil & Gas, LLC.

[4]*See e.g., Complaint of Damodar Bulk Carriers, Inc.*, 903 F.2d 675 (9th Cir. 1990)(affirming judgment in limitation action in favor of vessel owner's counterclaim for general average contribution from cargo plaintiffs; *Singapore Nav. Co., S/A v. Mego Corp.*, 540 F.2d 39 (2nd Cir. 1976)(vessel owner's counterclaim in limitation action allowed, but later dismissed due to shipowner's unreasonable deviation from route); and, *In Re: Oil Spill by the Amoco Cadiz Off the Coast of France on March 16, 1978*, 491 Supp. 161 (N.D. Ill. 1979).

4

*by the Amoco Cadiz Off the Coast of France on March 16, 1978*, wherein the district court held that movants were not entitled to dismissal of limitation plaintiff's counterclaim seeking indemnity and contribution for oil spill cleanup costs.[5]  "Courts sitting in admiralty have long established and implemented the policy of litigating all claims in a single forum . ... This policy is reflected in the Limited Liability Act, 46 USC §§181 *et seq*. ...  Moreover, prescinding from cases in admiralty, the federal courts have always encouraged, through the federal rules, the pragmatic practice of joining all parties and claims in a single forum."[6]  Further, Federal Rule of Civil Procedure 13(c) provides that a "counterclaim need not diminish or defeat the recovery sought by the opposing party.  It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party."

      The court finds that Settoon's factual allegations are enough to raise a right to relief above the speculative level on the assumption that its allegations in the complaint are true.[7]  However, by this ruling, the court does not suggest that any party in this limitation action is entitled to claims that are outside the context of the Limitation of Liability Act.  Accordingly, the motion to dismiss is DENIED.

---

[5] *Oil Spill by the Amoco Cadiz*, 491 Supp. at 167.

[6] *Oil Spill by the Amoco Cadiz*, 491 Supp. at 167.

[7] *Bell Atlantic,* 127 S.Ct. at 1965.

New Orleans, Louisiana, this __18th__ day of April, 2008.

*[signature]*

**MARY ANN VIAL LEMMON**

**UNITED STATES DISTRICT JUDGE**