# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE PETITION　　　　CIVIL ACTION
OF SETTOON TOWING LLC

　　　　　　　　　　　　　　　　　　　　NO: 07-1263-MVL-SS

## ORDER

MOTION OF NEW YORK MARINE AND FEDERAL INSURANCE COMPANY TO QUASH
(Rec. doc. 173)

**GRANTED**

Before the court on expedited consideration is the motion of New York Marine and General Insurance Company ("NYMAGIC") and Federal Insurance Company ("Federal"), seeking to Quash the subpoenas served on them by ExPert Oil & Gas, LLC ("ExPert") issued on June 9, 2009 and noticed for July 7th and July 9th in New Orleans.[1]

Movers, NYMAGIC and Federal, object to the subpoena on several grounds.[2] First, movers point out that this proceeding is concerned with the action for exoneration only and that the case they brought for declaratory judgment seeking declarations as to their obligation to indemnify Settoon for costs and/or damages arising out of the allision (civil action no. 07-4230; "the

---

[1] Movers do not indicate when they learned of the issuance of the subpoenas. If movers learned of it on or about the time the subpoenas were issued, then the motion for expedited hearing filed on June 26, 2009 should have been filed earlier. And despite the fact that movers are not parties to this case, compliance with Local Rule 37.1E may at least have narrowed the issues in dispute. Speaking to counsel is always a good thing.

[2] The two subpoenas are identical and seek information and corresponding documentation concerning the (1) insurance agreements between Settoon, its vessels and insurers; (2) the insurers' agreement to underwrite the risks; (3) stipulations necessary to underwrite the risk and provide coverage; (4) inspections of Settoon's vessels; (5) all information regarding the function and operation of the vessels; (6) all claims and documents relating to the maintenance or operation of any of Settoon's vessels; (7) any notice of the incident in question or any related incident provided to the insurers; (8) any and all claims relating to the incident at issue; (9) information concerning whether the insurers will provide coverage for the incident in question; (10) information regarding any investigations conducted by the insurers or any other parties regarding the incident in question; (11) any information the insurers have regarding any knowledge Settoon had of the incident; (12) the identification and description of all costs paid by the insured to insure the risk; (13) the computation, calculation and evaluation of Settoon's insurance claim; (14) information related to any repairs or damages to the Settoon or the barge involved in the incident and (15) all claims for reimbursement or coverages under the policies of insurance. Rec. doc. 173.

declaratory judgment action") has been stayed.[3] Hence, they argue that many of the matters sought to be explored in the corporate depositions are not relevant to the issues in this proceeding. Movers argue that the subpoenas should be quashed because the two insurers are not Louisiana corporations and their principal places of business are in New York. Hence, they argue that, pursuant to Rule 45(b)(2), F.R. Civ. P., service was improper and the witnesses cannot be required to travel more than 100 miles from where they reside, are employed, or regularly transact business. Considering that these non-parties have their principal places of business in New York, a notice of deposition in New Orleans is improper and the subpoenas will be quashed on that basis.

Next, movers complain that their attorney was not given notice of the depositions and that the dates were set unilaterally. NYMAGIC and Federal show that counsel for Federal will be out of town commencing on July 3rd and not returning until late on July 8th and therefore the depositions cannot go forward on the dates noticed. Regardless of discussions among counsel to this case, it does appear that the depositions were set without consultation with counsel for New York MAGIC and Federal and since the dates are inconvenient for that attorney, these subpoenas must be quashed on that basis as well.

NYMAGIC and Federal assert that, even if the documents requested by ExPert are discoverable, the information is either privileged or otherwise available to ExPert from other sources. They argue that movers have advised ExPert that the information it seeks is available in the complaint in the declaratory judgment action or in the file of Settoon's insurance broker located here in the Eastern District of Louisiana. Movers have also offered to answer written discovery regarding when they were first notified of the allision at issue. Movers assert that the only non-privileged document in their possession is the notice of the incident which is not relevant at this

---

[3] Rec. doc. 15 in the declaratory judgment action.

2

time.

ExPert argues that it should be allowed to conduct the depositions of the insurers because it has a "substantial need" and the inability to obtain the substantial equivalent required by Rule 26(b)(3) F. R. Civ. P. It argues that the captain and mate of the Settoon appeared for their depositions in the limitation proceeding, but they asserted their privilege under the Fifth Amendment and refused to answer any questions related to the incident. Thus, ExPert argues that if these eyewitnesses gave statements to the insurers early in the investigation, ExPert is unable to otherwise gain the information. In their reply brief, movers assert that the complaint in the declaratory judgment action demonstrates that they had no knowledge of the incident until February 26, 2007, while ExPert had knowledge of the incident on February 23, 2007. Thus, they argue that ExPert had notice earlier than they did and they deny that they were involved in the initial stage of the investigation of the incident. Movers have not prepared a privilege log of documents and provided it to ExPert so that ExPert may review mover's claim that the only non-privileged document in their possession is the notice of the incident.

Finally, movers assert that NYMAGIC is the lead underwriter with the authority to decide all issues regarding coverage and claims regarding the policy. Hence, they argue that the deposition of Federal is unnecessary and would be cumulative. If movers desire to stipulate that NYMAGIC is the lead underwriter with all authority to decide all issues regarding coverage and claims, and that its file contains all requested documents, then discovery to both underwriters responded to by New York MAGIC would be acceptable.

Discovery cutoff in this case is July 22, 2009. The subpoenas have been outstanding since early June. The parties need to prepare for trial of the limitation action and ExPert's deposition notices are much broader than the issues related to the limitation action. Hence, ExPert is directed

**within five working days from the date of this order** to propound discovery to NYMAGIC and Federal which covers only those topics relevant to the limitation proceeding. Reviewing the subpoenas, those topics are nos. 7, 10, and 11. **Within five working days from the date of this order**, movers shall produce to ExPert the document which it refers to as the notice of the incident. **Within seven working days from the date of this order**, movers shall prepare a privilege log of all documents responsive to the three topics enumerated above and provide all parties with a copy of that log. It shall also submit the log to the undersigned along with the documents identified in the privilege log for *in camera* inspection. The time period for movers to respond to the written discovery propounded by ExPert shall be shortened so that discovery responses **shall be provided on or before Wednesday, July 22, 2009.**

In all other respects, the subpoenas for the corporate depositions of NYMAGIC and Federal are quashed and the depositions will not go forward without further order of the undersigned. The undersigned will view the documents submitted for *in camera* inspection and if ExPert desires to file a motion with regard to the privilege log, it shall do so **no later than the close of business on Monday, July 20, 2009**.

IT IS ORDERED that motion of New York Marine and General Insurance Company ("NYMAGIC") and Federal Insurance Company ("Federal") (Rec. doc. 173), seeking to Quash the subpoenas served on them by ExPert Oil & Gas, LLC ("ExPert") is GRANTED.

New Orleans, Louisiana, this 2ND day of July, 2009.

                                                      **SALLY SHUSHAN**
                                        **United States Magistrate Judge**