UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE
PETITION OF SETTOON TOWING
LLC

CIVIL ACTION

NO: 07-1263

SECTION: "S" (4)

ORDER AND REASONS

The Settoon Towing LLC's Motion for Partial Summary Judgment to Dismiss the General maritime Law Claims of the United States of America (Doc. #208) is **GRANTED.**

I. BACKGROUND

On January 20, 2007, the M/V CATHY M. SETTOON, while pushing a barge, struck a well owned and operated by ExPert Oil & Gas, LLC ("ExPert"), in Bayou Perot in Jefferson Parish, Louisiana. The allision caused extensive damage to the wellhead and resulted in an uncontrolled spray of crude oil into the bayou. On February 23, 2007, Settoon Towing LLC ("Settoon"), the vessel owner, gave the first official notice of the incident, when the United States Coast Guard interviewed the captain of the vessel. On March 12, 2007, Settoon filed a Complaint for Exoneration from or Limsitation of Liability, pursuant to the Limitation of Liability Act, 46 U.S.C. §181, *et seq.* ExPert, St. Paul Surplus Lines Insurance Company and the United States of America (the "United States") filed claims. The United States filed claims pursuant to the general maritime law, the Rivers & Harbors Act, 33 U.S.C. §§ 401 *est seq.*, the Oil Pollution Act of 1990, 33 U.S.C.

§§ 2701 *et seq.* ("OPA 90"), and other federal law. (Docs. #6 and #50). In pertinent part, the United States prays in its complaint and amended complaint that:

> this Court enter a judgment in favor of the United States in an amount equal to what the United States has paid or will pay for removal costs, natural resource damages, real and personal property damages, subsistence use damages, revenue damages, profits and earning capacity damages, and public service damages, which include prejudgment interest, administrative and adjudicative costs, and attorney's fees for all claims paid to claimants by the Fund.

(Doc. #6, p. 21, ¶ 2; Doc. #50, p. 21, ¶ 2).

Settoon filed this motion for partial summary judgment seeking the dismissal of the United States' general maritime claims against it. Settoon argues that the United States' general maritime law claims against it are preempted by OPA 90.

The United States opposes Settoon's motion, contending that its general maritime law claims are not preempted by OPA 90. The United States argues that OPA 90 specifically reserves the right of the United States to assert other claims along with an OPA 90 claim.

## II. ANALYSIS

**1.      Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c). If the moving party meets the initial burden of establishing that

there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**2.     The Oil Pollution Act of 1990**

Congress enacted OPA 90 in response to the Exxon Valdez oil spill in Prince William Sound, Alaska. Rice v. Harken Exploration Co., 250 F.3d 264, 266 (5thCir. 2001) (citing Senate Report No. 101-94, *reprinted in* 1990 U.S.C.C.A.N. 772, 723). The law was intended to streamline federal law and "provide quick and efficient cleanup of oil spills, compensate victims of such spills, and internalize the costs of spills with the petroleum industry." Id. Pursuant to OPA 90 responsible parties are strictly liable for the discharge of oil. Id. OPA 90 provides that:

> Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each responsible party for a vessel or facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) that result form such incident.

33 U.S.C.A. § 2702(a) (West 2009). Subsection (b) of 33 U.S.C.A. § 2702 specifies OPA 90's covered removal costs and damages, referred to in 33 U.S.C.A. § 2702(a), to be:

(1)    Removal Costs

The removal costs referred to in subsection (a) of this section are - -

> (A) all removal costs incurred by the United States, a State, or an Indian tribe under subsection (c), (d), (e), or (l) of section 1321 of this title under the Intervention on the High Seas Act (33 U.S.C. 1471 et seq.), or under State law; and

(B)  any removal costs incurred by any person for acts taken by the person which are consistent with the National Contingency Plan.

(2)  Damages

The damages referred to in subsection (a) of this section are the following:

(A)  Nature resources

Damages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which shall be recoverable by a United States trustee, a State trustee, an Indian tribe trustee, or a foreign trustee.

(B)  Real or personal property

Damages for injury to, or economic losses resulting from destruction of, real or personal property, which shall be recoverable by a claimant who owns or leases that property.

(C) Subsistence use

Damages for loss of subsistence use of natural resources, which shall be recoverable by any claimant who so uses natural resources which have been injured, destroyed, or lost, without regard to the ownership or management of the resources.

(D)  Revenues

Damages equal to the net loss of taxes, royalties, rents, fees, or net profit shares due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by the Government of the United States, a State, or a political subdivision thereof.

> (E) Profits and earning capacity
>
> Damages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant.
>
> (F) Public services
>
> Damages for net costs of providing increased or additional public services during or after removal activities, including protection from fire, safety, or health hazards, caused by a discharge of oil, which shall be recoverable by a State, or a political subdivision of a State.

OPA 90 also contains a savings clause for admiralty and maritime claims. Section 2751 of OPA 90 states "[e]xcept as otherwise provided in this Act, this Act does not affect . . . admiralty and maritime law . . ." 33 U.S.C.A. § 2751.

This savings clause, however, does not permit the Untied States to assert its general maritime law damage claims against Settoon in this matter. A court will only apply the general maritime law in the absence of a relevant federal statute. See East River S.S. Corp. v. Transamerica Delaval, Inc., 106 S.Ct. 2295, 2298-99 (1986). OPA 90 specifically provides for the damages sought by the United States, i.e. removal costs, natural resource damages, real and personal property damages, subsistence use damages, revenue damages, profits and earning capacity damages, and public service damages. See, 33 U.S.C.A. § 2702(a); (see also, Doc. #6, p. 21, ¶ 2; Doc. #50, p. 21, ¶ 2). Further, OPA 90's admiralty and maritime law savings clause evidences its preemption in that it permits the admiralty and maritime law claims "except as otherwise provided in [the] Act." See, 33 U.S.C.A.

5

§ 2751; see also, Gabarick v. Laurin Mar. (Am.) Inc., 623 F.Supp.2d 741, 746 (E.D.La. 2009) (citing Tanguis v. M/V Westchester, 153 F.Supp.2d 859, 867 (E.D.La. 2001)). Further, OPA 90's damages provision found at 33 U.S.C.A. § 2702 references its preemptive nature with respect to other provisions of law because it begins with "[n]otwithstanding any other provision or rule of law, and subject to the provisions of this Act . . ." Gabarick, 623 F.Supp.2d at 746 (citing 33 U.S.C.A. § 2702(a)). Thus, the United States' general maritime law damages claims are preempted by its identical OPA 90 damages claims.

Moreover, 33 U.S.C.A. § 2718(c) does not permit the United States to bring its damages claims under general maritime law. Subsection (c) provides in pertinent part that: "[n]othing in this Act . . shall in any way affect, or be construed to affect, the authority of the United States . . . (1) to ***impose additional liability*** or additional requirements . . . relating to the discharge, or substantial threat of a discharge, of oil." 33 U.S.C.A. § 2718(c) (emphasis added). As stated above, the United States' damage claims mirror those included in OPA 90. Thus, the United States is seeking the same damage claims under general maritime law as it seeks under OPA 90.

Further, the jurisprudence cited by the United States is distinguishable. The holdings of both U.S. v. Bear Marine Serv., 509 F.Supp. 710 (E.D.La. 1980), and U.S. v. M/V Big Sam, 681 F.2d 432 (5th Cir. 1982), that the United States could bring its general maritime claims alongside its Clean Water Act claims, turn on 33 U.S.C.A. § 1321(h), which states in pertinent part: "[t]he liabilities established by this section shall in no way affect any rights which . . . The United States Government may have against any third party whose actions may in any way have caused or contributed to the

discharge of oil or hazardous substance." This provision is not included in OPA 90 and that jurisprudence cannot serve as the basis for permitting the United States to maintain general maritime law damage claims alongside identical OPA 90 damage claims.

### III. CONCLUSION

For the reasons stated above, the Settoon's Motion for Partial Summary Judgment to Dismiss the General Maritime Law Claims of the United States of America is **GRANTED**. The United States' general maritime law claims for removal costs, natural resource damages, real and personal property damages, subsistence use damages, revenue damages, profits and earning capacity damages, and public service damages are dismissed.[1]

New Orleans, Louisiana, this  4th  day of December, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] Settoon's Motion for Partial Summary Judgment to Dismiss the General Maritime Law Claims of the United States of America seeks the dismissal of the United States' general maritime law claims. In the "Conclusion" to its memorandum in support of its Motion for Partial Summary Judgment to Dismiss the General Maritime Law Claims of the United States of America, Settoon suggests that the United States' claims under the Clean Water Act and the Rivers & Harbors Act should also be dismissed. This motion does not address whether the claims under the Clean Water Act or the Rivers & Harbors Act are also preempted by OPA 90.