# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE<br>PETITION OF SETTOON TOWING<br>LLC | CIVIL ACTION<br><br>NO: 07-1263<br>SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's Motion for Partial Summary Judgment Regarding the Status of Alpine Exploration Companies, Inc. as a Responsible Party under the Oil Pollution Act of 1990 (Doc. #310) is **GRANTED**.

## BACKGROUND

On January 20, 2007, the M/V CATHY M. SETTOON, while pushing a barge, struck a well owned and operated by ExPert Oil & Gas, LLC ("ExPert"), in Bayou Perot in Jefferson Parish, Louisiana. The well was installed on Louisiana State Lease 18748, which was held by Alpine Exploration, Co., Inc. ("Alpine"). On September 9, 2007, Alpine assigned its lease to the working interest owners, including ExPert, retroactive to August 1, 2006. The Louisiana Mineral Board approved the assignment on December 12, 2007, and the assignment was recorded in Jefferson Parish, Louisiana on January 30, 2008.

The allision caused extensive damage to the wellhead and resulted in an uncontrolled spray of crude oil into the bayou. On February 23, 2007, Settoon Towing LLC ("Settoon"), the owner of the M/V CATHY M. SETTOON, gave the first official notice of the incident, when the United

States Coast Guard interviewed the captain of the vessel. On March 12, 2007, Settoon filed a Complaint for Exoneration from or Limitation of Liability, pursuant to the Limitation of Liability Act, 46 U.S.C. §181, *et seq.* ExPert, St. Paul Surplus Lines Insurance Company, and the United States of America (the "United States") filed claims. The United States filed claims pursuant the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701 *et seq.* ("OPA"), along with other claims. In pertinent part, the United States asserts a claim on behalf of the Oil Spill Liability Trust Fund (the "Fund") for to recover the costs that it incurred in connection with the removal, cleanup, and other response efforts related to the oil spill from the responsible parties.

Upon a motion filed by the United States, the court previously held that ExPert is a responsible party, and that ExPert has the right to seek contribution from a third party and to avail itself of defenses to liability provided in 33 U.S.C. § 2703(a)(3) by establishing at trial that a third party is solely responsible and that it exercised due care, and took precautions against any acts or omissions of the third party. Further, the court has also held that the United States is entitled to recover $11,650,264.87 in removal costs from the responsible parties, and that it will be determined at trial how ExPert, as a responsible party, and Settoon, as a potential non-sole-fault third-party, will share the allocation of the costs incurred with each other and any other responsible party.

The United States then filed a motion for summary judgment seeking to have Alpine designated as an additional responsible party. The United States argues that, at the time of the oil spill, Alpine was the lessee of the area in which the oil spill occurred, and thus Alpine fits OPA's definition of a responsible party and is strictly liable for the oil spill. The United States contends

2

that Alpine's post-spill assignment of the lease to the working interest owners does not affect Alpine's status as a responsible party or its liability to the United States.

**ANALYSIS**

**1.    Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.    Alpine as a Responsible Party**

Congress enacted OPA in response to the Exxon Valdez oil spill in Prince William Sound, Alaska.  Rice v. Harken Exploration Co., 250 F.3d 264, 266 (5thCir. 2001) (citing Senate Report No. 101-94, *reprinted in* 1990 U.S.C.C.A.N. 772, 723).  The law was intended to streamline federal

3

law and "provide quick and efficient cleanup of oil spills, compensate victims of such spills, and internalize the costs of spills with the petroleum industry." Id.

OPA imposes strict liability upon parties that discharge oil into "navigable waters," a term defined in the statute to mean "the waters of the United States, including the territorial sea." In Re Needham, 354 F.3d 340, 345 (5th Cir. 2003); 33 U.S.C. §2701(21). OPA further provides that "[n]otwithstanding any other provision of law ... ***each responsible party*** for a vessel or a facility from which oil is discharged ... into or upon the navigable waters or adjoining shorelines ... is liable for the removal costs and damages specified in subsection (b) of this subsection that result from such incident." 33 U.S.C. §2702(a) (emphasis added); see also In Re Needham, 354 F.3d at 345 n. 5; In re Taira Lynn Marine Ltd. No., LLC, 444 F.3d 371, 382 (5th Cir. 2006). A "responsible party" with regard to an offshore facility,[1] is "the lessee or permittee of the area in which the facility is located or the holder of a right of use and easement granted under the applicable State law . . . for the area in which the facility is located (if the holder is a different person than the lessee or permittee) . . ." 33 U.S.C. § 2701(32)(A). A "lessee" is "a person holding a leasehold interest in an oil or gas lease on lands beneath navigable waters . . . or on submerged lands of the Outer Continental Shelf, granted or maintained under applicable State law or the Outer Continental Shelf Lands Act (43 U.S.C. 1331, et seq.)." Id. at § 2701(16).

---

[1] An "offshore facility" is "any facility of any kind located in, on, or under any of the navigable waters of the United States, and any facility of any kind which is subject to the jurisdiction of the United States and is located in, on, or under any other waters, other than a vessel or a public vessel." 33 U.S.C. § 2701(22). It is undisputed that the well was an offshore facility.

4

On January 20, 2007, the date of the allision that caused the oil spill, Alpine was the lessee of the area in which the offshore facility from which the oil leaked was located. Although Alpine granted an assignment to ExPert, who then became a responsible party, as lessee of the area in which the offshore facility was located, Alpine is a responsible party under OPA.[2]

OPA imposes strict liability upon responsible parties. In Re Needham, 354 F.3d at 345. Also, there can be more than one responsible party. See 33 U.S.C. § 2702(a); see also Smith Property Holding v. United States, 311 F.Supp.2d 69, 81 (D.D.C. 2004) (citing United States v. Bois D'Arc Operating Corp., 1999 WL 130635 (E.D. La. 1999)). When there is more than one responsible party under OPA, their liability is joint and several. 3 BENEDICT ON ADMIRALTY § 112(a)(2) (7th ed. rev. 2004) (citing H.R. Conf. Rep. No. 101653, at 102 (1990)). Therefore, both Alpine and ExPert are responsible parties that share joint and several liability to the United States.

Further, although OPA permits indemnification agreements between responsible parties, it prohibits them from transferring liability. Section 2710 provides:

> (a) Agreements not prohibited. Nothing in this Act prohibits any agreement to insure, hold harmless, or indemnify a party to such agreement for any liability under this Act.

---

[2] In Louisiana State Lease 18748, Alpine agreed:

> 4. Environmental and Other Considerations
>
> Lessee hereby agrees, as one of the obligations of this rider, that in exercising the rights granted it under the Lease, it will comply with and be subject to all applicable environmental and other laws and regulations validly adopted or issued by the State of Louisiana, or its agencies, or by the United States, or its agencies. Lessee further agrees that it will comply with all minimum water quality standards validly adopted by said governmental authorities with respect to oil pollution and noxious chemicals and waste being introduced into affected water areas . . .

5

> (b) Liability not transferred. No indemnification, hold harmless, or similar agreement or conveyance shall be effective to transfer liability imposed under this Act from a responsible party or from any person who may be liable for an incident under this Act to any other person.
>
> (c) Relationship to other causes of action. Nothing in this Act, including the provisions of subsection (b) of this section, bars a cause of action that a responsible party subject to liability under this Act, or a guarantor, has or would have, by reason of subrogation or otherwise, against any person.

Pursuant to § 2710, Alpine may contract with ExPert for indemnity, and pursue those rights between themselves, but Alpine cannot under OPA transfer its liability as a responsible party. Therefore, Alpine's assignment of Louisiana State Lease 18748 does not affect its status as a responsible party as the lessee.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States' Motion for Partial Summary Judgment Regarding the Status of Alpine Exploration Companies, Inc. as a Responsible Party under the Oil Pollution Act of 1990 (Doc. #310) is **GRANTED**.

New Orleans, Louisiana, this  16th  day of June, 2010.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**