# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF SETTOON TOWING LLC | CIVIL ACTION |
| | NO: 07-1263-MVL-SS |

## ORDER

SETTOON'S MOTION TO COMPEL (Rec. doc. 330)

**GRANTED IN PART AND DENIED IN PART**

NON-OPERATORS' MOTION TO QUASH (Rec. doc. 331)

**GRANTED IN PART AND DENIED IN PART**

In January 2007, ExPert Oil & Gas, LLC ("ExPert"), as operator of a well, was in the process of connecting a well in Bayou Perot to a pipeline. It alleges that on January 20, 2007, a tug owned by Settoon Towing LLC ("Settoon") struck and damaged the wellhead with the result that oil was released. Settoon filed a limitation proceeding. ExPert filed a claim. More than thirty persons owned interests in the well. On August 7, 2009, ExPert filed a second amended answer and claim and added the non-operators as parties. Rec. doc. 245. Settoon served written discovery on them. It filed a motion to compel them to provide discovery responses. Rec. doc. 330. They filed a motion to quash the discovery. Rec. doc. 331.

The non-operators contend that: (1) the discovery is duplicative; (2) the discovery is not relevant to the issue of liability; and (3) the discovery is unduly burdensome. Settoon contends that the discovery is relevant because ExPert and the non-operators were responsible for the accident in that the well was not lit, it lacked a mandated subsurface safety valve or other emergency shut-in

device, and it was in the lane of foreseeable marine traffic.

The non-operators appear as parties in these proceedings. Their status as non-operators does not relieve them of the need to respond to Settoon's discovery. The issue is whether the discovery requests seek relevant information. The non-operators responded to subpoenas issued by Settoon. If a non-operator produced documents in response to a subpoena from Settoon which satisfy a Settoon discovery request, the non-operator may refer to its response to the subpoena.

Interrogatory no. 1.[1]

The interrogatory seeks the identity of the persons supplying information. The information sought is relevant. The non-operators shall respond to interrogatory no. 1.

Interrogatory nos. 2-5.

The interrogatories seek information on the non-operator's business, their members in the case of limited liability companies, management and organization. The information sought is not relevant. The non-operators are not required to respond to interrogatory nos. 2-5.

Interrogatory no. 6.

The interrogatory seeks identification of all insurance policies insuring the non-operators. The information is relevant. The non-operators shall respond to interrogatory no. 6 and category no. 3 of the request for production.

Interrogatory no. 7.

The interrogatory seeks contracts between the non-operators and ExPert. The information is relevant. The non-operators shall respond to interrogatory no. 7 and category no. 4 of the request for production.

---

[1] The written discovery served on Renee Davis Davenport, one of the non-operators, is Exhibit 2 to the motion to quash. Rec. doc. 331 (Exhibit 2). The same discovery was served on each of the non-operators.

Interrogatory no. 8.

The interrogatory asks whether the non-operator ever acted as an operator when drilling for oil and gas on any property. The interrogatory is too broad. For example it would apply to a well in Colorado. It seeks information which is not relevant. The non-operators are not required to respond to interrogatory no. 8 and category no. 5 of the request for production.

Interrogatory no. 9.

The interrogatory seeks the income derived from the State lease no. 18748 since August 2006. The information is relevant. The non-operators shall respond to interrogatory no. 9 and category no. 6 of the request for production.

Interrogatory no. 10.

The interrogatory seeks a narrative description of how ExPert was selected as operator. The information sought is not relevant. The non-operators are not required to respond to interrogatory no. 10 and category no. 7 of the request for production.

Interrogatory no. 11.

The interrogatory seeks information on any investigation conducted by the non-operators concerning the accident. The information is relevant. The non-operators shall respond to interrogatory no. 11 and category no. 8 of the request for production.

Interrogatory no. 12.

The interrogatory seeks information on communications with any other person concerning the accident. The information is relevant. The non-operators shall respond to interrogatory no. 12 and category no. 9 of the request for production and provide a privilege log for any documents they contend are privileged.

Interrogatory nos. 13-19 and 21-22.

The interrogatories concern Settoon's claims that ExPert and the non-operators were negligent in the following respects: (1) the absence of sub-surface safety device; (2) the absence of illumination for the well head; (3) the improper location of the well vis a vis marine traffic; (3) the installation of dolphins; (4) reports to Coast Guard on location of well; and (5) documentation with the Louisiana Department of Natural Resources. The information is relevant. The non-operators shall respond to interrogatory nos. 13-19 and 21-22 and category nos. 10-16 and 18-19 of the request for production.

Interrogatory no. 20.

The interrogatory concerns the ownership of the State lease. The non-operators second amended answer states that they own undivided interests in the State lease. Rec. doc. 245. The non-operators are not required to respond to interrogatory no. 20 and category no. 17 of the request for production.

Interrogatory no. 23.

The interrogatory seeks information on any reports of disagreement, objection or criticism of ExPert's performance as operator or decisions made by it before or after the accident. The interrogatory is too broad. The non-operators are not required to respond to it.

Category nos. 1 and 2.

Settoon seeks tax returns and records on the organization and structure of the non-operators. The information sought is not relevant. The non-operators are not required to respond to category nos. 1 and 2 of the request for production.

Category no. 20.

Settoon seeks an affidavit or verification as required by Fed. R. Civ. P. 33(b)(3). The non-operators shall provide the requested verification.

IT IS ORDERED that:

1. Settoon's motion to compel (Rec. doc. 330) and the motion of the non-operators to quash (Rec. doc. 331) are GRANTED in PART and DENIED in PART.

2. **Within thirty (30) calendar days of the entry of this order**, the non-operators shall respond to Settoon's discovery as provided herein.

New Orleans, Louisiana, this 23rd day of June, 2010.

           **SALLY SHUSHAN**
       **United States Magistrate Judge**