**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

IN THE MATTER OF THE PETITION      CIVIL ACTION
OF SETTOON TOWING LLC

NO: 07-1263-MVL-SS

**ORDER**

SETTOON'S MOTION FOR RECONSIDERATION (Rec. doc. 341)

**GRANTED IN PART AND DENIED IN PART**

On June 23, 2010, the motion of Settoon Towing LLC ("Settoon") to compel and the motion of the non-operators to quash (Rec. docs. 330 and 331) were granted in part and denied in part. Rec. doc. 340. Settoon seeks reconsideration of the ruling on two issues.

Interrogatory no. 10 sought a description of how each non-operator selected ExPert Oil & Gas ("ExPert") to serve as operator. Category no. 7 of the request for production sought related documents. The June 23, 2010 order determined that the information sought was not relevant. Settoon contends it is relevant to its defenses. Specifically, in its answer to ExPert's Second Amended Answer, Settoon alleges that the non-operators failed "to elect or appoint an experienced operator. . . ." Rec. doc. 282 at 5. The information sought in interrogatory no. 10 is relevant to Settoon's claims and defenses.

Interrogatory no. 20 concerns the ownership of the State lease. The June 23, 2010 order determined that the non-operators were not required to respond because the non-operators admitted in their answer (Rec. doc. 245) that they own undivided interests in the State lease. Settoon argues that: (1) the non-operators' answer did not address the issue of the ownership of the State lease but

instead referred to the well; (2) the ownership of the State lease on the date of the incident is a disputed issue; and (3) the purpose of the interrogatory is to narrow the issue and determine whether it will have to be resolved on motions. The non-operators object that it calls for a legal conclusion. They describe the circumstances involving the joint operating agreement, the assignment of the lease, and the involvement of the Mineral Board in determining the effective date of the assignment. The objection is sustained in part. Each non-operator will, however respond to the interrogatory as to their ownership interest in the State lease as of:

1) when the interest was acquired;

2) percentage ownership on the date of acquisition and any change in percentage and when and how it transpired; and

3) if subsequently divested of ownership, how that was accomplished and when.

All supporting documentation shall be produced.

IT IS ORDERED that: (1) Settoon's motion for reconsideration (Rec. doc. 34) is GRANTED in PART and DENIED in PART; and (2) **within fourteen (14) calendar days of the entry of this order**, the non-operators shall respond to interrogatory nos. 10 and 20 and category nos. 7 and 17 as provided herein.

New Orleans, Louisiana, this 21st day of July, 2010.

                                                   **SALLY SHUSHAN**
                                           **United States Magistrate Judge**