UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE
PETITION OF SETTOON TOWING
LLC

CIVIL ACTION

NO: 07-1263
SECTION: "S" (1)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plains Marketing L.P.'s Motion for Summary Judgment (Doc. #343) is **DENIED.**

BACKGROUND

On January 20, 2007, the M/V CATHY M. SETTOON, while pushing a barge, struck a well owned and operated by ExPert Oil & Gas, LLC ("ExPert"), in Bayou Perot in Jefferson Parish, Louisiana. The allision caused extensive damage to the wellhead and resulted in an uncontrolled spray of crude oil into the bayou. At the time of the incident, the M/V CATHY M. SETTOON was owned by Settoon Towing LLC ("Settoon"), a limited liability company that is organized under the laws of Delaware. Plains Marketing, L.P. ("Plains Marketing") held a 50% membership interest in Settoon. Plains Marketing was also the time charterer of the M/V CATHY M. SETTOON.

On February 23, 2007, Settoon gave the first official notice of the incident, when the United States Coast Guard interviewed the captain of the vessel. On March 12, 2007, Settoon filed a Complaint for Exoneration from or Limitation of Liability, pursuant to the Limitation of Liability Act, 46 U.S.C. §181, *et seq.* ExPert, St. Paul Surplus Lines Insurance Company, and the United

States of America (the "United States") filed claims. On February 26, 2010, ExPert was granted leave to file a third party complaint against Plains Marketing. ExPert alleges that Plains Marketing was negligent because it directed the vessel while it knew that it was understaffed and operating without proper equipment. Plains Marketing filed this motion for summary judgment arguing that it is not liable for the January 20, 2007, accident, because it was the time charterer of the M/V CATHY SETTOON on the date of the incident, and did not have operational control over the vessel.

**ANALYSIS**

**1.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.      Plains Marketing's Motion for Summary Judgment**

Plains Marketing argues that it has no liability as a time charterer. Plains Marketing contends that it did not assume any duties regarding the seaworthiness or operations of the vessel, and thus cannot be held liable as a time charter. Further, Plains Marketing contends that there is no evidence that it had any involvement in Settoon's day-to-day operations.

ExPert argues that Plains Marketing did not have a traditional time charter agreement with Settoon because Plains Marketing holds a 50% membership interest in Settoon. ExPert contends that Plains Marketing was actively involved in controlling, staffing, dispatching, and directing the vessels. Further, ExPert argues that Plains Marketing directed the vessels while knowing that the vessels were understaffed, over-worked, and running without proper equipment or crew, and that this is akin to the time charterer sending the vessels into a storm.

The United States Court of Appeals for the Fifth Circuit has held that as a general rule a time charterer "who has no control over the vessel, assumes no liability for negligence of the crew or unseaworthiness of the vessel absent a showing that the parties to the charter intended otherwise." Williams v. Central Gulf Lines, 874 F.2d 1058, 1062 (5th Cir. 1989) (quoting P & E Boat Rentals, Inc. v. Ennia Gen. Ins. Co., Inc., 872 F.2d 642, 647 (5th Cir. 1989)). The term "control" refers to the operational control of the vessel, not the control of the vessel's destinations and cargoes. Id. However, a time charterer may be liable for its own negligence in conducting its activities as a time charterer. P & E Boat Rentals, Inc., 872 F.2d at 647. "It is axiomatic that for a time charterer to be liable for its own negligence, it must first owe a duty of care," and a time charterer's duties "are

limited to the vessel's commercial activities, such as designating the cargo and the routes and destinations. . ." Forrester v. Ocean Marine Indm. Co., 11 F.3ed 1213, 1216 (5th Cir. 1993).

It is undisputed that Plains Marketing was the time charterer of the M/V CATHY SETTOON. Under the time charter agreement, Settoon retained operational control of the vessel. Settoon was responsible for furnishing the captain and crew and navigating the vessel. Settoon was also responsible for ensuring that the vessel maintained all necessary certificates, and compiled with all applicable laws. There is no provision in the time charterer agreement that shifts operational responsibility to Plains Marketing. Thus, Plains Marketing is not liable for the negligence of the crew or unseaworthiness of the vessel.

However, Plains Marketing may be liable for its negligence in directing the vessel's commercial activities. ExPert argues that Plains Marketing was negligent in directing the vessel while knowing that the vessel was understaffed, over-worked, and running without the proper equipment or crew. Russell Settoon, the President and CEO of Settoon, testified in his deposition that Plains Marketing was aware that at the time of the incident the Settoon vessels working for Plains Marketing had only one licensed captain on board because they were operating under the "Cajun Exemption"[1] which "which doesn't require . . . any licensed captain on the vessel at any time." Instead, the crew consisted of a captain, an apprentice made, and a tankerman. As a result,

---

[1] The "Cajun Exemption" is found in 46 U.S.C. § 8905(b) which states that 46 U.S.C. § 8905 does not apply to certain vessels "engaged in the offshore mineral and oil industry if the vessel has offshore mineral and oil industry sites or equipment as the ultimate destination or place of departure." Section 8905(a) provides that towing vessels that are at least 26 feet in length must be operated by a licensed individual.

when the captain was off duty, the apprentice mate would take the helm. Russell Settoon also testified that other clients, such as Shell, required two licensed operators to be on board.

In P & E Boat Rentals, Inc., 872 F.2d at 647, the United States Court of Appeals for the Fifth Circuit found that the district court did not err in imposing liability on the time charterer for its own negligence, which included demanding that the vessel be operated at high speeds in heavy fog. Therefore, there is a genuine issue of material fact as to whether Plains Marketing was negligent in directing the vessel's commercial activities with knowledge that the vessel was understaffed, over-worked, and/or running without the proper crew that precludes summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plains Marketing L.P.'s Motion for Summary Judgment (Doc. #343) is **DENIED.**

New Orleans, Louisiana, this  17th  day of August, 2010.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

5