UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE NATIONAL INSURANCE COMPANY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4230** |
| **SETTOON TOWING, LLC, ET AL.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Federal Insurance Company's Motion for Reconsideration of the Court's Opinion and Order Pertaining to Federal Insurance Company's Objection to the Magistrate Judge's Order Filed in Response to Settoon Towing, LLC's Motion to Compel Responsive Answers to Discovery (Doc. #378) is **DENIED**.

On October 7, 2010, Federal Insurance Company filed a motion to reconsider the court's September 27, 2010, Opinion regarding Federal's objections to the Magistrate Judge's Order Filed in Response to Settoon Towing, LLC's Motion to Compel Responsive Answers to Discovery. Doc. #377. Federal contends that the court erred in overruling some of its objections and ordering the production of documents to which it asserts a privilege.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless

that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also Rule 59(e). Because plaintiffs filed the instant motion on within twenty-eight days of the court's Order, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

Federal seek to relitigate matters that have not been resolved to its satisfaction. Federal has not provided any new evidence, but rather seek to reargue its arguments regarding the nature of documents that were reviewed by the court *in camera*, and which the court found not to be privileged. Therefore,

**IT IS HEREBY ORDERED** that Federal Insurance Company's Motion for Reconsideration of the Court's Opinion and Order Pertaining to Federal Insurance Company's Objection to the Magistrate Judge's Order Filed in Response to Settoon Towing, LLC's Motion to Compel Responsive Answers to Discovery (Doc. #378) is **DENIED**.

New Orleans, Louisiana, this __10th__ day of November, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**